IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAVETTE M. FRANKLIN, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 3:10-CV-1174-M |
| § | |
| BAC HOME LOANS SERVICING, L.P. § | |
| f/k/a COUNTRYWIDE HOME LOANS § | |
| SERVICING, L.P., § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement [Docket Entry #5]. For the reasons explained below, the Motion to Dismiss is GRANTED in part and DENIED in part and the Motion for More Definite Statement is DENIED as moot.

I. BACKGROUND AND PROCEDURAL HISTORY

On or about July 31, 2007, Plaintiff obtained a mortgage loan (the "Note") from Allied Home Mortgage Capital Corporation, the proceeds of which were used by Plaintiff to purchase property in Duncanville, Texas. On the same day, Plaintiff entered into a Deed of Trust, which secured payment of the Note. BAC Home Loans Servicing, L.P. ("BAC") then acquired the Note and became its servicer.

In 2009, Plaintiff defaulted on the mortgage, and, on March 3, 2009, Plaintiff filed for bankruptcy under Chapter 13, and requested a loan modification from BAC. According to Plaintiff, an unnamed BAC representative informed her that "although she met the criteria for a

loan modification, it could not assist Plaintiff unless she was out of bankruptcy."[1] Allegedly relying on that statement, Plaintiff dismissed the bankruptcy, and again requested a loan modification from BAC, while also attempting to make an $8,000.00 payment on her loan. BAC allegedly refused to accept the payment, and, on or about April 5, 2010, BAC told Plaintiff she did not qualify for a loan modification, accelerated payment, and promptly foreclosed on Plaintiff's property. It is unclear from the face of the pleadings whether Plaintiff still occupies the house.

On May 14, 2010, Plaintiff filed her Original Petition in state court, claiming breach of contract, wrongful foreclosure, unreasonable collection efforts, violations of the Texas Debt Collection Practices Act[2] and Texas Deceptive Trade Practices Act,[3] fraud, negligent misrepresentation, and trespass to try title, seeking damages, an accounting, quiet title, and declaratory relief. On June 14, 2010, BAC removed the case to this Court.

BAC now moves to dismiss Plaintiff's Original Petition, or in the alternative, for a more definite statement.

## II. BAC'S MOTION TO DISMISS

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support.[4] While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual

---

[1] Pl.'s Original Pet. ¶ 10. Plaintiff also states: "Defendant informed Plaintiff, while Plaintiff was in bankruptcy, that she would qualify for a loan modification if she would get out of bankruptcy." *Id.* ¶ 49.
[2] Tex. Fin. Code § 392.001 *et seq*.
[3] Tex. Bus & Comm. Code § 17.50(h).
[4] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

allegation."[5] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[6] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief.[7] The Court may consider documents attached to or incorporated in the complaint in deciding a motion to dismiss.[8]

Fraud claims must also satisfy Rule 9(b), which requires that a party "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake."[9] The Fifth Circuit has interpreted Rule 9(b) to require, at a minimum, that a plaintiff set forth the "who, what, when, where, and how" of the alleged fraud.[10]

### B. Analysis

#### 1. Wrongful Foreclosure

Plaintiff concedes that she does not sufficiently state a wrongful foreclosure claim, but requests leave to amend her Original Petition on this claim. Plaintiff's wrongful foreclosure claim is DISMISSED without prejudice.

#### 2. Breach of Contract

Plaintiff alleges that BAC's failure to comply with U.S. Housing and Urban Development ("HUD") regulations, incorporated by reference into the Note and Deed of Trust, constitutes a breach of the parties' agreement. Specifically, Plaintiff alleges that BAC was required, but failed, to conduct a face-to-face interview with Plaintiff or to make efforts to arrange such an

---

[5] *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[6] *Twombly*, 550 U.S. at 570.
[7] Fed. Rule Civ. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1950.
[8] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).
[9] Fed. Rule Civ. P. 9(b).
[10] *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997); *Benchmark Elecs., Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 724 (5th Cir. 2003).

interview within thirty days of default[11] or accept partial payments after default and apply them to Plaintiff's account.[12]

To state a claim for breach of contract, Plaintiff must allege the following: (1) the existence of a valid and enforceable contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the defendant's breach caused plaintiff's injury.[13] BAC does not argue that the HUD regulations are not incorporated by reference in the Note and Deed of Trust nor that the violation of such regulations cannot provide the basis for a breach of contract claim. Assuming that the HUD regulations can provide the basis for a contract claim,[14] the Court analyzes whether Plaintiff has performed or tendered performance under them.

Plaintiff claims she tendered performance because she was ready and willing to perform, as evidenced by her attempt to make an $8,000.00 payment. However, the $8,000.00 payment would not have brought the loan current, and Plaintiff admits she was in default. The issue is whether Plaintiff can maintain a cause of action for BAC's breach of its obligations under the HUD regulations, even though Plaintiff did not tender full performance. It is illogical for the Court to conclude that Plaintiff cannot enforce BAC's obligations, assumed to be contractual, which arise after Plaintiff's default merely because Plaintiff is in default. If that were appropriate, then the HUD regulations would become practically meaningless. Therefore, the

---

[11] 24 C.F.R. § 203.604(b).
[12] 24 C.F.R. § 203.556(b).
[13] *Smith Int'l v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (relying on Texas law).
[14] Courts have held that if the parties explicitly incorporated the HUD regulations into their agreement, the documents and regulations constitute an integrated contract, the violation of which may form the basis of a breach of contract claim. *See, e.g.*, *Hernandez v. Home Sav. Ass'n of Dallas County*, 606 F.2d 596, 601 (5th Cir. 1979); *Buis v. Wells Fargo Bank, N.A.*, 401 F. Supp. 2d 612, 616 (N.D. Tex. 2005) (Lindsay, J.) (analyzing breach of contract claim based on alleged violations of HUD regulations, such as requiring face-to-face interviews); *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-cv-0916-B, 2009 WL 1810336, at *5 (N.D. Tex. June 24, 2009) (Boyle, J.) ("Because the parties explicitly incorporated the HUD regulations into their agreement, the 'documents and regulations constitute an integrated contract.'") (citing *Hernandez*).

Court concludes that Plaintiff has sufficiently alleged a breach of contract claim, and BAC's Motion to Dismiss as to that claim is DENIED.

### 3. Negligent Misrepresentation

Under Texas law, to state a claim for negligent misrepresentation, Plaintiff must allege that: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their businesses; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.[15] At issue here is whether BAC made a false statement, which, to support a negligent misrepresentation claim, must be a statement of an existing fact, not a promise of future conduct.[16]

According to Plaintiff, BAC's representative stated that "she met the criteria for a loan modification, but could not assist Plaintiff unless she was out of bankruptcy;" that "Defendant informed Plaintiff, while Plaintiff was in bankruptcy, that she would qualify for a loan modification if she would get out of bankruptcy;" and that "Defendant deceptively misrepresented that Plaintiff would qualify for a loan modification." Plaintiff maintains that BAC's misrepresentation that she qualified for a loan modification was a statement of existing fact, not a promise of future conduct. The Court disagrees. In essence, by the statement alleged, BAC is promising that it will grant her loan modification on unspecified terms. As a promise of future conduct, Defendant's statement is not actionable as a negligent misrepresentation claim and thus is DISMISSED with prejudice.

---

[15] *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).
[16] *Allied Vista Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

### 4. Unreasonable Collection Efforts

The Texas tort of unreasonable collection efforts requires a course of harassment that is willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.[17] Plaintiff does not allege that BAC's actions were willful, wanton, or malicious, or that BAC was harassing Plaintiff. Instead, Plaintiff states that BAC "slandered" and "defamed" her credit, and unreasonably exposed her to ridicule. Such allegations, do not state a claim for unreasonable collection efforts, and that claim is thus DISMISSED without prejudice.

### 5. Gross Negligence

Plaintiff maintains a claim of gross negligence, as a basis for seeking exemplary damages, based on her negligent misrepresentation and unreasonable debt collection claims. Recovery of actual damages is a prerequisite to receipt of exemplary damages.[18] Since both claims are being dismissed, Plaintiff may not recover punitive damages on a gross negligence claim. Therefore, Plaintiff's gross negligence claim is also DISMISSED without prejudice.

### 6. Texas Debt Collection Practices Act

Plaintiff alleges BAC violated various provisions of the Texas Debt Collection Practices Act ("TDCA"),[19] including threatening to take an action prohibited by law;[20] collecting or attempting to collect charges not expressly authorized by the agreement;[21] misrepresenting the character, extent, or amount of a consumer debt;[22] and using a deceptive means to collect a

---

[17] *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-cv-370, 2010 WL 1026968, at *8 (E.D. Tex. Feb. 16, 2010); *B.F. Jackson, Inc. v. CoStar Realty Information, Inc.*, No. H-08-3244, 2009 WL 1812922, at *5 (S.D. Tex. May 20, 2009); *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.).
[18] *B.F. Jackson, Inc.*, 2009 WL 1812922, at *7 n.38 ("Although not discussed, the court also concurs with Defendants that, absent a successful negligence claim that gives rise to the award of actual damages, Plaintiffs cannot maintain a gross negligence claim for punitive damages.") (citing *Newman v. Tropical Visions, Inc.*, 891 S.W.2d 713, 721 (Tex. App.—San Antonio 1994, no writ)).
[19] Tex. Fin. Code § 392.001 *et seq.*
[20] *Id.* § 392.301(a)(8).
[21] *Id.* § 392.303(a)(2).
[22] *Id.* § 392.304(a)(8).

debt.[23] In support of these allegations, Plaintiff reiterates her position that BAC misrepresented to her that she would qualify for a loan modification if she was not in bankruptcy. No other facts are alleged to support the claims under the TDCA. Merely stating Defendant violated the TDCA, without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law.[24] Therefore, Plaintiff's TDCA claims are DISMISSED without prejudice.

### 7. Texas Deceptive Trade Practices Act

Plaintiff alleges that the violations of the TDCA also constitute deceptive trade practices under the Texas Deceptive Trade Practices Act ("DTPA"), which establishes a private right of action for a claimant under the TDCA.[25] Plaintiff relies solely on the alleged violations of the TDCA to "tie-in" her claim to the DTPA. However, the DTPA claim fails because the Court has already held that Plaintiff has failed to state a claim under the TDCA.

### 8. Fraud

Plaintiff's pleading does not satisfy the heightened pleading requirements under Rule 9(b) for a fraud claim, which requires Plaintiff to plead the "who, what, when, where, and how" of her fraud claim.[26] Plaintiff asserts that an unnamed representative of BAC informed her that she would qualify for a loan modification at an undisclosed date in the future. Such a statement does not specify "who" made this statement, "when," "where," or "how." Nevertheless, Plaintiff argues that her fraud claim should not be dismissed because the information not provided is likely within BAC's possession and that discovery has not occurred. Rule 9(b) was designed to

---

[23] *Id.* § 392.304(a)(19).
[24] Since *Twombly* and *Iqbal*, Rule 8 requires more than unadorned assertions not couched in factual allegations. *Iqbal*, 129 S. Ct. at 1949 (citations omitted); *Twombly*, 550 U.S. at 555.
[25] Tex. Bus. & Comm. Code § 17.50(h); Tex. Fin. Code § 392.404 ("A violation of this chapter is a deceptive trade practice under [the DTPA].").
[26] *See supra* note 10.

prevent a "fishing expedition" for discovery,[27] and, given the fact that the statement was allegedly made to Plaintiff, she should also be aware of the circumstances constituting the alleged fraud and thus able to allege such circumstances in her pleading. Therefore, Plaintiff's fraud claim is **DISMISSED** without prejudice.

### 9. Miscellaneous Claims

BAC complains of Plaintiff's passing references to claims for anticipatory breach of contract, slander, defamation, and other specified violations of the Texas Constitution and the Texas Property Code (collectively "Miscellaneous Claims"), all of which are unsupported by alleged facts. Further, Plaintiff does not respond to BAC's motion in this regard. Plaintiff's Miscellaneous Claims are **DISMISSED** without prejudice.

### 10. Requested Relief

Defendant claims Plaintiff is not entitled to her requested remedies of attorney's fees, a permanent injunction, declaratory relief, or an accounting. Because Plaintiff has been given leave to replead, the Court will not address what potential remedies are available.

### III. CONCLUSION

Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part, and Defendant's Motion for More Definite Statement is **DENIED** as moot. Plaintiff may amend her Original Petition by filing an amended complaint in accordance with this Opinion within thirty days of the date of this Opinion. Should Plaintiff amend, she must describe with specificity the inadequacy of the foreclosure, particularly describing how an irregularity in the foreclosure sale contributed to an inadequate price and/or how she was injured by the allegedly wrongful foreclosure; the who, what, when, where, and how of the allegedly negligent and/or fraudulent statements made by BAC regarding loan modification; and the details of how BAC's collection

---

[27] *United States ex rel. Grubbs v. Kanneganti*, 565 F. 3d 180, 191 (5th Cir. 2009).

efforts were harassing and violated the TDCA's provisions specifically identified. Plaintiff shall file a clean and redlined version of the amended complaint, the latter showing all changes in the Original Petition. Plaintiff may make no changes in the Original Petition, other than those described in this Opinion.

**SO ORDERED.**

January 26, 2011.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**